**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JAMES CHARLES SCOTT, #229356,

        Petitioner,

v.                                                                Case No. 08-13217

MICHIGAN DEPARTMENT OF
CORRECTIONS PAROLE BOARD,

        Respondent.

_____/

**AMENDED OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
AND VACATING THE ORDER FOR RESPONSIVE PLEADING**

**I. BACKGROUND**

Petitioner James Charles Scott has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. Petitioner is a state inmate currently confined at Gus Harrison Correctional Facility in Adrian, Michigan.[1] He alleges that the Michigan Parole Board interviewed him on October 3, 2001 and refused to release him on parole. According to Petitioner, the Parole Board violated state law and his constitutional right to due process of law when it (1) voted to reconsider his case in twenty-four months instead of twelve months, (2) failed to provide a written explanation

---

[1] In his habeas petition, Petitioner referred to himself as Scott James Charles, and he stated that he was located at Parr Highway Correctional Facility in Adrian, Michigan. Records maintained by the Michigan Department of Corrections at its official website (www.Michigan.gov/corrections) indicate that Petitioner's name is James Charles Scott, and that he is confined at Gus Harrison Correctional Facility in Adrian, Michigan.

for its decision, and (3) failed to provide substantial and compelling reasons for denying parole where there is a high probability of parole under the parole guidelines.

## II. STANDARD

The alleged violations of state law do not present cognizable claims, because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In conducting habeas review, a federal court is limited to deciding whether the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

## III. DISCUSSION

Petitioner's only constitutional argument is that the Parole Board's decision violated his right to due process of law. The Sixth Circuit has stated that

> [t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or it may arise from an expectation or interest created by state laws or policies.

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal and end citations omitted).

There is no constitutional right to be released on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and in Michigan, "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11); *see also Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 691 (1999) ("[S]pecific determinations whether to release prisoners on parole rest within the Parole Board's discretion."). The Sixth Circuit has therefore concluded that Michigan's parole

2

statute does not create a protected liberty interest in release on parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). The fact that the State "holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Accordingly, the court will dismiss Petitioner's petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.").

## IV.  CERTIFICATE OF APPEALABILITY

The court in its discretion may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's state law claims are not cognizable on habeas review, and his due process claim lacks merit because he lacks a liberty interest in being released on

3

parole. Therefore, reasonable jurists would not find the court's assessment of Petitioner's claims to be debatable or wrong. The court will decline to issue a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DISMISSED, and a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner may not proceed *in forma pauperis* on appeal, and the order for responsive pleading [Dkt. #5] is VACATED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 23, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522